IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AMY M. MURRAY,
Administrator of the Estate of Shannon
H. Crane, Deceased,
        Plaintiff,

v.                                                                      Civil Action No. 3:16-cv-00279-JAG

CORRECT CARE SOLUTIONS, LLC,
PAUL STAIRS,
GLENN WISE,
BEVERLY DANIELS,
and ANNETTE BROOKS,
        Defendants.

## OPINION

Shannon Crane, a convicted inmate, died at Riverside Regional Jail (the "Jail"). Two days before his death, Crane complained of breathing difficulties. A nurse in the Jail's medical department reported Crane's complaint and his low blood-oxygen level to Paul Stairs, the on-call doctor. Stairs ordered administration of oxygen to Crane and continued monitoring. Two days later, Crane died. Amy Murray, the Administrator of Crane's Estate, sued Stairs, among others, for deliberate indifference and wrongful death. Stairs has moved to dismiss certain claims against him. Because Stairs did not act with deliberate indifference or gross negligence to Crane's medical need, the Court grants Stairs's motion to dismiss.

## I. BACKGROUND

Crane transferred to the Jail in November 2013. At intake, Crane had no prior history of heart problems or high blood pressure. During his incarceration, until the events surrounding his death, Crane had no record of a need for oxygen therapy.

In February 2015, Crane complained of breathing issues. A nurse in the Jail's medical department took Crane's vitals, including a pulse oximeter reading—a test that estimates the saturation of oxygen in the blood ("SpO2"). The nurse notified Stairs, the on-call doctor, of Crane's lower-than-normal SpO2 level.[1] Stairs ordered the nurse (1) to administer oxygen to Crane and (2) to place him in medical housing for monitoring. This communication between Stairs and the nurse occurred over telephone or through some other electronic means, meaning Stairs never actually saw Crane. After giving this order, Stairs did not receive any updates on Crane, did not follow up, and did not provide Crane with further services.

Pursuant to Stairs's order, the nurse administered oxygen to Crane. She re-checked his vitals, which revealed a normal SpO2 level. The nurse did not follow-up any further, nor did the nurses that worked the next day.

Early the following morning, Crane was found lifeless in his cell. Efforts to revive him failed, and emergency personnel pronounced him dead. Crane died of hypertensive cardiomyopathy.[2]

---

[1] According to the Mayo Clinic's website, normal SpO2 levels range from 95 to 100%, while values under 90% are considered low. *Hypoxemia (Low Blood Oxygen)*, MAYO CLINIC, http://www.mayoclinic.org/symptoms/hypoxemia/basics/definition/sym-20050930 (last visited Jan. 17, 2017). When the nurse initially took Crane's SpO2 reading, it was 88%.

[2] According to the American Heart Association, "cardiomyopathy" refers to diseases of the heart muscle, while "hypertensive" refers to a person exhibiting high blood pressure. *What Is Cardiomyopathy in Adults*, AM. HEART ASS'N,
https://www.heart.org/HEARTORG/Conditions/More/Cardiomyopathy/What-Is-Cardiomyopathy-in-Adults_UCM_444168_Article.jsp (last updated Mar. 30, 2016); *The Facts About High Blood Pressure*, AM. HEART ASS'N,
http://www.heart.org/HEARTORG/Conditions/HighBloodPressure/GettheFactsAboutHighBlood GettheFa/The-Facts-About-High-Blood-Pressure_UCM_002050_Article.jsp#.WH5-XFMrLIU (last updated Dec. 7, 2016).

## II. DISCUSSION[3]

Murray, the Administrator of Crane's Estate, has sued Stairs, three nurses, and Correct Care Solutions, LLC, the company contracted to provide medical services at the Jail. Against Stairs, in Count I, Murray alleges an Eighth Amendment violation based on Stairs's deliberate indifference to Crane's serious medical needs. In Count III, she alleges wrongful death, asserting the theories of simple negligence, gross negligence, and willful and wanton negligence. Stairs asks this Court to dismiss Count I in full and Count III in part.

### A. Count I: Deliberate Indifference

The Court will dismiss Count I against Stairs because his conduct does not rise to the level of deliberate indifference. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. This prohibition extends to conditions of confinement in prisons and, relevant here, includes a duty of prison officials to provide adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Inadequate medical care rises to the level of a constitutional violation when a prison official shows deliberate indifference to a serious medical need. *Id.*

The test for this type of claim has an objective and a subjective component. Objectively, the prisoner's medical need must be sufficiently serious, meaning that the medical need "has either been diagnosed by a physician as mandating treatment or is so obvious that even a lay

---

[3] Stairs moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claim(s). *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

person would easily recognize the necessity for a doctor's attention." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (citation, quotation marks, and alternation omitted). Subjectively, the prison official must have shown deliberate indifference, meaning he had "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* at 226 (citation, quotation marks, and alternation omitted). On the sliding scale of culpable mental states, deliberate indifference falls closest to criminal recklessness, requiring more than negligence, but less than purpose or knowledge. *Id.* at 225.

In this case, Stairs (1) heard about Crane's breathing issues and low blood oxygen levels, and then (2) ordered administration of oxygen and further monitoring. In other words, Stairs learned about Crane's serious medical need from the nurse, and then took action by ordering the nurse to administer oxygen and to monitor Crane. Stairs treated the medical need (i.e., the low SpO2 level) of a patient.[4] After treating Crane's low SpO2 level, Stairs did not know about any further serious medical needs that he needed to address, especially seeing as Crane had no record of a need for oxygen therapy and no history of heart problems or high blood pressure. These facts do not plausibly allege indifference, let alone deliberate indifference. Consequently, the Court must dismiss Count I against Stairs.

---

[4] In *Estelle v. Gamble*, the Supreme Court recognized that a prison doctor's response to the prisoner's need could establish deliberate indifference. 429 U.S. at 104. To support this proposition, the Supreme Court provided the examples of a doctor throwing away a prisoner's ear and stitching up the stump, injecting a medicine to which the doctor knew the prisoner was allergic, refusing to treat a prisoner, and making a prisoner stand during leg surgery despite contrary instructions from the surgeon. *Id.* at 104 n.10 (citations omitted). Stairs's response to Crane's low blood oxygen level does not come anywhere close to these treatment-based deliberate indifference examples recognized by the Supreme Court.

### B. Count III: Wrongful Death

The Court will dismiss Count III to the extent Murray alleges that Stairs acted with gross negligence or willful and wanton negligence.[5] Virginia defines gross negligence as "a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." *Elliott v. Carter*, __ Va. __, 791 S.E.2d 730, 732 (2016) (citation omitted). It "requires a degree of negligence that would shock fair-minded persons, although demonstrating something less than willful recklessness." *Id.* In other words, a claim of gross negligence fails when the defendants exercised some degree of care. *Id.* On the other hand, the more culpable theory of willful and wanton negligence differs from gross negligence because it "requires an actual or constructive consciousness that injury will result from the act done or omitted." *Alfonso v. Robinson*, 257 Va. 540, 545, 514 S.E.2d 615, 618 (1999).[6]

For the same reasons the Court dismissed Murray's deliberate indifference claim in Count I, the Court also dismisses Count III to the extent Murray bases it on the theory of gross negligence. Stairs provided Crane with some degree of care when he ordered administration of oxygen and monitoring. These facts preclude a claim of gross negligence, as well as a claim based on the more culpable theory of willful and wanton negligence.

Murray focuses on the fact that Virginia courts typically allow juries to decide question of gross negligence. At the pleadings stage, however, the Court must accept all factual

---

[5] In his reply brief, Stairs also asks the Court to dismiss certain claims based on simple negligence because the facts contradict the specified claims or because Murray bases the specified claims on the theory of negligent supervision. The Court will not parse the claims in Count III based on simple negligence at this time.

[6] *See also Alfonso*, 257 Va. at 545, 514 S.E.2d at 618 ("Willful and wanton negligence is action taken in conscious disregard of another's rights, or with reckless indifference to consequences that the defendant is aware, from his knowledge of existing circumstances and conditions, would probably result from his conduct and cause injury to another.").

allegations in the complaint as true. The facts plead by Murray, accepted as true, simply do not allege plausible claims of gross negligence or willful and wanton negligence.

### III. CONCLUSION

For the reasons stated, the Court GRANTS Stairs's motion to dismiss. Against Stairs, the Court DISMISSES Count I in full and Count III to the extent that it alleges gross negligence or willful and wanton negligence.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 1/18/17
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge